UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>            Defendants. | Case No. 07-CV-10268 (DC) |

[*additional captions follow*]

**MEMORANDUM IN SUPPORT OF THE *ESPOSITO* PLAINTIFFS' MOTION TO CONSOLIDATE ERISA CASES, APPOINT INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL, FOR ENTRY OF PRETRIAL ORDER NO. 1, AND IN OPPOSITION TO PLAINTIFF GIDARO'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM COUNSEL FOR THE CLASS**

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Lynda J. Grant (LG-4784)
150 East 52nd Street
Thirtieth Floor
New York, NY 10022
Telephone:  (212 838-7797
Facsimile:  (212) 838-7745

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

***Counsel for Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin***

MARY GIDARO, individually and on behalf of all others similarly situated,

     Plaintiffs,

     v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

     Defendants.

**Case No.  07-CV-10273 (LBS)**

---

TARA MOORE, individually and on behalf of all others similarly situated,

     Plaintiffs,

     v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

     Defendants.

**Case No.  07-CV-10398 (DC)**

2

GREGORY YASHGUR, individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

          Defendants.

**Case No.  07-CV-10569 (UA)**

---

CHRISTINE DONLON, individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

          Defendants.

**Case No.  07-CV-10661 (UA)**

3

CARL ESPOSITO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

Defendants.

Case No.  07-CV-10687 (JGK)

SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

Defendants.

Case No.  07-CV-10710 (UA)

4

|  |  |
|---|---|
| BARBARA BOLAND, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>**Case No.  07-CV-11054 (MGC)** |

Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin ("*Esposito* Plaintiffs") submit this Memorandum of Law in Support of Plaintiffs' Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiffs and Interim Co-Lead, and Opposition to Plaintiff Gidaro's Motion for Consolidation and Appointment of Interim Counsel for the Class.

## I.    INTRODUCTION

The *Esposito* Plaintiffs filed actions against the fiduciaries of the Merrill Lynch 401(k) Savings and Investment Plan (the "SIP"), the Merrill Lynch Retirement Accumulation Plan (the "RAP"), and the Merrill Lynch Employee Stock Ownership Plan (the "Traditional ESOP") (collectively the "Plans"), retirement plans established and sponsored by Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company") as benefits for its employees.  Six additional similar

actions have also been filed in the Southern District of New York.   Each of these actions seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA").[1]

Because the ERISA Actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, the *Esposito* Plaintiffs seek an Order consolidating the ERISA actions.  Additionally, the *Esposito* Plaintiffs respectfully request that they be appointed Interim Lead Plaintiffs; that Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") be appointed Interim Co-Lead Counsel; and that the Court enter the Esposito Plaintiffs' proposed Order.

The interests of the current and former participants in the Plans would be best served by the Court's appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel. Keller Rohrback is a pioneer and national leader of the precise type of ERISA class action litigation presented here, and possesses both the expertise and experience that is necessary to litigate this matter forcefully, effectively, and efficiently.  Keller Rohrback serves or has served as lead counsel in numerous similar ERISA class actions, including several in this district itself: *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.) (J. Pauley); and *In re Marsh ERISA Litigation*, No. 04-cv-8157 (S.D.N.Y) (J. Kram), among others.  Indeed, a number of attorneys at Keller Rohrback dedicate their practices to ERISA class action litigation.

---

[1] The eight complaints with substantially identical factual allegations are as follows: *Estey v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-10268-DC, filed November 13, 2007; *Gidaro v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-10273-LBS, filed November 13, 2007; *Moore v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-10398-DC, filed November 16, 2007;  *Yashgur v. Merrill Lynch & Co. Inc. et al*, Case No. 07-cv-10569-UA, filed November 26, 2007; *Donlon v. Merrill Lynch & Co, Inc. et al*, Case No. 07-cv-10661-UA, filed November 28, 2007; *Esposito v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-10687-JGK, filed November 30, 2007; *Shaughnessey et al v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-10710-UA, filed November 30, 2007; and *Boland et al v. Merrill Lynch & Co., Inc. et al*, Case No. 07-cv-11054-MGC, filed December 6, 2007.

Likewise, Cohen Milstein has substantial experience and success in this area of law.  As detailed below, Cohen Milstein's Employee Benefits Practice Group, headed by the former chief ERISA lawyer for the United States Department of Labor, has been actively engaged in a wide range of ERISA class actions, including cases similar to the case presented here. The Employee Benefits Practice Group includes three attorneys who previously occupied management positions at the Department of Labor with responsibility for ERISA litigation at both the trial and appellate levels.  The decades of ERISA litigation experience that these attorneys bring to the practice is unmatched by any other plaintiff's firm seeking to represent benefit plan participants and beneficiaries injured by the conduct alleged in these cases.

Keller Rohrback and Cohen Milstein combined ERISA experience and expertise is particularly important in this case as Defendant Merrill Lynch have retained Skadden, Arps, Meagher & Flom LLP, and the remaining Defendants have retained Gibson, Dunn & Crutcher LLP, both firms with substantial experience litigating ERISA matters.  Given the caliber of defense counsel and the complex statutory framework and body of case law at hand, it is imperative that Plaintiffs be represented by counsel with significant ERISA litigation experience.

With all due respect to competing counsel, no firm in the nation can match the experience and expertise of Keller Rohrback and Cohen Milstein in a case of this type nor demonstrate the same commitment in terms of time and financial resources to this area of law.  While the other counsel who may seek the lead counsel position in this case are undoubtedly good lawyers, none of the other firms has the depth and breadth of experience that Keller Rohrback and Cohen Milstein have in this nuanced and rapidly developing area of law.[2]  Accordingly, Keller

---

[2] In this regard, we note that Shalov Stone Bonner & Rocco LLP ("SSB&R") has submitted a leadership motion in this case on behalf of Plaintiff Mary Gidaro; yet, with all due respect to SSB&R, its motion provides no indication that SSB&R has served as lead counsel in any ERISA class action case of this type, nor any basis for concluding that SSB&R can match the combined ERISA expertise of Keller Rohrback and Cohen Milstein described herein.

Rohrback and Cohen Milstein respectfully submit that it would be in the best interests of the proposed class of participants and beneficiaries of the Plans to appoint Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel.

## II.   BACKGROUND

Plaintiffs in each of the eight similar ERISA actions against the fiduciaries of the Plans allege that Defendants breached their duties of prudence and loyalty under ERISA by making and maintaining enormous investments in Merrill Lynch stock in the Plans despite the fact that Defendants knew or should have known that such investments were unduly risky and imprudent due to Company's serious mismanagement and perilous and improper business practices, including, among other practices: (a) rapidly expanding into a high-risk finance sector without establishing the requisite business skill set to manage and understand the corresponding risks; (b) persisting in its aggressive growth of the Collateralized Debt Obligations ("CDO") business, despite clear indicators, including its own projections, weighing against continued growth; and (c) inflating the value of the Company's asset-backed portfolio by calculating their worth without regard to actual market conditions, all of which caused Merrill Lynch's financial statements to be misleading and which artificially inflated the value of shares of Merrill Lynch stock and the Merrill Lynch Stock Fund in the Plans ("Fund"). *Esposito* Complaint ¶¶ 5, 93-142; *Boland* Complaint ¶¶ 3, 109-159.  These actions exposed the Plans to excessive risk, and created dire financial circumstances which rendered the stock an imprudent investment for the Plans. *Esposito* Complaint  ¶¶ 5, 143-154; *Boland* Complaint ¶¶ 160-171.

Based on publicly available information for the Plans, Plaintiffs estimate that Defendants' breaches of fiduciary duty have caused the Plans to lose nearly *2 billion dollars* of retirement savings.  *Esposito* Complaint ¶ 7; *Boland* Complaint ¶ 6.  Accordingly, Plaintiffs seek relief

pursuant to sections 409 and 502(a)(2)&(3) of ERISA, 29 U.S.C. § 1109 & 1132(a)(2) & (3), on

behalf of the Plans for losses sustained as a result of the Defendants' breaches of fiduciary duty.

## III. DISCUSSION

Given the substantial similarity of the parties and claims in the above-captioned eight

similar ERISA actions, Plaintiffs have followed the guidance of the *Annotated Manual for*

*Complex Litigation* (4th ed. 2006) (the "*Manual*") and submit for the Court's approval a

proposed form of Order which: (1) provides for the consolidation of these related actions; (2)

establishes efficient procedures for the filing and docketing of papers; (3) appoints lead

plaintiffs; (4) proposes an organization of plaintiffs' counsel; and (5) otherwise eliminates

wasteful and duplicative litigation. Plaintiffs respectfully submit that because the proposed order

will promote the orderly and efficient conduct of this action, and is consistent with the

recommendations of the *Manual*, the order should be entered.

**A.    Consolidation of Cases.**

Consolidation of these related actions is appropriate pursuant to Fed. R. Civ. P. 42(a)

which governs the consolidation of actions in federal court. This Rule provides:

> When actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all the matters
> in issue in the actions; it may order all the actions consolidated; and it may
> make such orders concerning proceedings therein as may tend to avoid
> unnecessary costs or delay.

Broad discretion is given to the Court under this rule to consolidate cases pending within the

District. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d

ed. 1987).

### 1. The ERISA Cases Meet the Requirements of FRCP 42(a) for Consolidation.

The above-captioned actions assert claims under ERISA against similar defendants. The actions involve common questions of law or fact. Specifically, all of them allege that fiduciaries of the Plans breached their duties to participants and beneficiaries in connection with the Plans' investments in Merrill Lynch common stock and the Company's serious mismanagement and improper business practices. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297 (1990) (stating that when separate actions involve common question of fact or law, courts favor consolidation in order to avoid unnecessary costs and delays). In so doing, a district court has broad discretion in determining whether consolidation is appropriate by weighing the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir.1964), *cert. denied*, 382 U.S. 812 (1965); *Johnson*, 899 F.2d at 1285.

In situations where multiple actions turn on allegations that a company breached its fiduciary duties under ERISA to plan participants and beneficiaries, consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate. *In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2002 WL 31095170 (S.D.N.Y. Sept. 18, 2002) (consolidating all WorldCom ERISA cases); *see also Manual* § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration). Consolidating these actions would avoid the unnecessary waste of judicial resources and additional cost and delay to the parties. Because

consolidation would be to the benefit of all parties involved, these actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

### 2.  The Proposed Order Establishes Orderly and Efficient Procedures for the Management of these Cases.

Proposed Interim Lead Plaintiffs further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations be similarly consolidated herewith and subject to the Court's order, as is set forth in the proposed Order.  In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.

Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this.  *See Manual* § 11.21.  In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.  *See, e.g.*, *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004) (attached as Exhibit A to the Declaration of Derek W. Loeser ("Loeser Decl."); *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y. Feb. 8, 2005) (attached as Exhibit B to the Loeser Decl.); *In re Williams Companies ERISA Litig.*, No. 02-153 (N.D. Okla. Oct. 28, 2002) (attached as Exhibit C to the Loeser Decl.); and *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y. Sep. 18, 2002) (attached as Exhibit D to the Loeser Decl.).

**B.      Proposed Interim Lead Plaintiffs.**

Proposed Interim Lead Plaintiffs were participants of the Plans during the Class Period. As such, a significant portion of their retirement savings in the Plans was invested in Merrill Lynch stock as a result of the way the Plans were administered by its fiduciaries. Their investments have been decimated by the failure of fiduciaries of the Plan to prudently and loyally manage the Plans as required by ERISA. The SIP has over fifty-seven thousand participants or beneficiaries, while the RAP and the Traditional ESOP both have over forty-seven thousand participants, all of whom suffered tremendous losses as a result of the imprudent actions and inactions of the Plans' fiduciaries regarding the Plans' investment in Merrill Lynch stock. Carl Esposito, Barbara Boland and Anna Molin seek appointment as Interim Lead Plaintiffs to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

**C.      Establishment of a Leadership Structure.**

The proposed order further implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Counsel for plaintiffs. *See Manual* § 10.22. Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation, and ensure that plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

### 1. Proposed Interim Co-Lead Counsel.

Plaintiffs propose the following as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g)(2) to act on behalf of the putative class:

> Lynn Lincoln Sarko
> Derek W. Loeser
> **Keller Rohrback**
>
> Marc Machiz
> Bruce Rinaldi
> **Cohen Milstein**

In addition, Lynda Grant, a partner in Cohen Milstein's New York office with experience in securities, derivative and ERISA litigation, will serve as local and liaison counsel, avoiding the need for a third firm to perform that function.

Pursuant to this structure, Keller Rohrback and Cohen Milstein would be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation.   Specifically, as suggested in the *Manual*, Keller Rohrback and Cohen Milstein would be charged with the following duties:

> formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. . . .in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 10.221.   Keller Rohrback and Cohen Milstein would also be charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication.

### 2. Proposed Interim Co-Lead Counsel are Best Qualified Under the Relevant Standards to Represent the Putative Class.

The proposed order implements the procedures suggested by the *Manual* and codified in Fed. R. Civ. P. 23(g) by designating Interim Co-Lead Counsel for Plaintiffs.   *See Manual* §§ 10.22, 40.22, relevant portions of which are attached as Exhibit E to the Loeser Decl."); Fed.

13

R. Civ. P. 23(g).[3]  As stated in the *Manual,* in determining lead counsel, the court should

"conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed

to leading roles are qualified and responsible, that they will fairly and adequately represent all of

the parties on their side, and that their charges will be reasonable."  *Manual* at § 10.22.  Indeed,

the most important factor is "achieving efficiency and economy without jeopardizing fairness to

parties."  *Id.* at § 10.221.

> In appointing class counsel, the court must consider the following four factors:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i).  Each of the factors supports the appointment of Keller Rohrback

and CMHT as Interim Co-Lead Counsel in this case.

### a)  Counsel for Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action.

With respect to the first 23(g) factor, counsel for Plaintiffs have already taken substantial

steps in prosecuting this action.  To begin, prior to filing their complaint, counsel procured and

reviewed numerous plan documents and spoke with plan participants in order to identify and

investigate the claims in this case.  As a result, the complaints filed by the *Esposito* Plaintiffs

allege in great detail Defendants' violations of ERISA and their failure to act with respect to the

Plan and their participants.  For example, the complaints detail the nature and structure of the

---

[3] As examples of the operation of these procedures, counsel herein also refer the Court to lead counsel appointment orders from other ERISA breach of fiduciary duty cases including: *In re Polaroid ERISA Litig.*, No. 04-8335 (S.D.N.Y. Mar. 5, 2004) and *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y. Nov. 18, 2002), attached to the Loeser Decl. as Exhibits A and D.

Plan (*Esposito* Complaint ¶¶ 28-61; *Boland* Complaint ¶¶ 44-77), the fiduciary status of each Defendant (*Esposito* Complaint ¶¶ 62-92; *Boland* Complaint ¶¶ 78-108), and clearly explicate Defendants' breaches, detailing how defendants failed to carry out their duties as required by the law under ERISA (*Esposito* Complaint ¶¶ 93-235; *Boland* Complaint ¶¶ 109-252).  Moreover, since filing their complaints, counsel for Plaintiffs have monitored potential and ongoing government investigations and have interviewed additional witnesses knowledgeable about the allegations in their complaint.

Based on the extensive experience that Keller Rohrback and Cohen Milstein have in bringing and pursuing ERISA claims such as those asserted here against Merrill Lynch and the Individual Defendants, counsel from both firms fully understand the substantial investment of time and resources necessary to properly pursue and lead the Merrill Lynch case, and are committed to making the necessary investment in this case.

> **b)  Counsel for Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have knowledge of the law applicable in this case.**

The second and third Rule 23(g) factors, generally considered the most important, demonstrate that Keller Rohrback and Cohen Milstein are best qualified to serve as Interim Co-Lead Counsel in this ERISA breach of fiduciary duty class action.  *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

### (1) Keller Rohrback L.L.P. [4]

Keller Rohrback is a national leader in ERISA class action litigation. The firm serves or has served as lead and co-lead counsel in many of the most prominent ERISA class action cases, such as *In re Enron Corp. ERISA Litigation*, No. 01-3913 (S.D. Tex.), *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.), *In re Global Crossing ERISA Litigation,* No. 02-7453 (S.D.N.Y), *In re Marsh ERISA Litigation*, No. 04-cv-8157 (S.D.N.Y); and *In re AIG ERISA Litigation,* No. 04-cv-8141 (S.D.N.Y.) as well as numerous others throughout the country.[5]

Keller Rohrback's work as lead counsel in ERISA cases has been widely praised. For example, in the *In re WorldCom, Inc. ERISA Litigation*, where Keller Rohrback served as Lead Counsel, Judge Cote found that:

> Lead Counsel has performed an important public service in this action and has done so efficiently and with integrity. It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members. Lead Counsel…has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions…. Lead Counsel should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions.

*In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 at *10 (S.D.N.Y. Oct. 18, 2004).

To date, Keller Rohrback has achieved settlements for its ERISA clients in excess of $750 million to employees and retirees. For example: *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex.) (final approval of ground-breaking partial settlements providing injunctive relief and

---

[4] To assist the Court with its evaluation of Keller Rohrback's qualifications, attached to the Loeser Decl. as Exhibit F is the firm resume for Keller Rohrback L.L.P.'s Complex Litigation Group.

[5] The many other ERISA breach of fiduciary duty class actions for which Keller Rohrback serves as lead or co-lead counsel are provided in Keller Rohrback's firm resume, attached as Exhibit F to the Loeser Decl.

payment of approximately $85 million for plan losses; final approval of settlement with Enron providing claim in the Enron bankruptcy in the amount of $356.25 million (valued in excess of $100 million); final approval of $37.5 million settlement with Plan trustee.)[6]; *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (final approval of settlement providing injunctive relief and $78 million payment for plan losses); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004) (final approval of settlement providing injunctive relief and $48 million payment for plan losses); and *Reinhart v. Lucent Tech., Inc.*, No. 01-3491 (D.N.J. Mar. 15, 2004) (final approval of settlement providing injunctive relief and $69 million payment for plan losses).  Additional favorable settlements of similar ERISA class action claims are provided in Keller Rohrback's resume, attached as Exhibit F to the Loeser Decl.

        Because of Keller Rohrback's extensive expertise in this area of law and the successful results the firm has achieved, Keller Rohrback has many times been appointed lead or co-lead counsel in contested leadership petitions in ERISA class action cases.  For example, in *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 363 (E.D. Mich. 2006), the court concluded after extensive leadership briefing that Keller Rohrback and its co-lead counsel in the Ford case (Schiffrin, Barroway, Topaz, and Kessler) "have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side.  Moreover, should the putative class be certified, these firms have the experience and resources to represent adequately the certified class."); *see also, e.g., Miller v. Beazer*, No. 07-00952, 2007 WL 3005332 (N.D. Ga. Oct. 12, 2007) (appointing Keller Rohrback interim co-lead

---

[6] *See In re Enron Corp Sec., Derivative & ERISA Litig.,* No. 01-3624, 2003 U.S. Dist. LEXIS 25032 (S.D. Tex. Nov. 12, 2003) (approving $85 million partial settlement); *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex. Sept. 12, 2005) (approving $365.25 million partial settlement with Enron Corp.); *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex. Apr. 21, 2006) (preliminarily approving $37.5 million settlement with trustee, Northern Trust).

counsel in *Beazer* ERISA breach of fiduciary duty litigation); *In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005) (appointing Keller Rohrback interim lead counsel in Delphi ERISA breach of fiduciary duty litigation).

Keller Rohrback's Complex Litigation and ERISA team is led by the firm's Managing Partner, Lynn Sarko. Mr. Sarko received both his MBA degree in accounting and law degree from the University of Wisconsin, where he served as Editor-in-Chief of the *Wisconsin Law Review* and was selected by faculty as the outstanding graduate of his class. He is a former Assistant United States Attorney and Ninth Circuit judicial law clerk (Hon. Jerome Farris). He has actively engaged in the prosecution of complex litigation for two decades. Mr. Sarko has served as lead or co-lead counsel in several leading ERISA cases, including the largest and most complex – the *Enron, WorldCom*, and *Global Crossing* cases – and numerous other cases. In addition to his work as lead or co-lead counsel in these prominent ERISA cases, Mr. Sarko has prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, the Vitamins price-fixing cases, the *MDL Fen/Phen Diet Drug Litigation*, as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.*, establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

Mr. Sarko is a recipient of Trial Lawyer of the Year by the Trial Lawyers for Public Justice Foundation and for the last seven years was named "Super Lawyer" among civil litigators by *Washington Law and Politics* magazine in its annual review of the State's legal profession. Mr. Sarko is a frequent commentator on ERISA litigation. He regularly speaks at national

18

ERISA conferences.  Most recently, Mr. Sarko spoke at the DOL Speaks: Employee Benefits Conference, the American Bar Association's Employee Benefits Committee Meeting and the Glasser Annual ERISA Litigation Conference.  Mr. Sarko is considered one of the leading experts on ERISA class action cases.

The Keller Rohrback Complex Litigation and ERISA team that Mr. Sarko leads is also highly accomplished, and includes numerous lawyers whose practices focus primarily on ERISA class action cases.  These attorneys include Derek W. Loeser, a partner at Keller Rohrback and a member of the firm's ERISA team.  He is one of the chief plaintiffs' counsel in numerous ERISA breach of fiduciary duty cases, including, among others, the *In re Polaroid ERISA Litigation,* 03-cv-8335 (S.D.N.Y.); *In re AIG ERISA Litigation,* No. 04-cv-8141 (S.D.N.Y.); and *In re Ford ERISA Litigation*, 06-cv-11718 (E.D. Mich.), and played a lead role in the prosecution of many of the firm's groundbreaking ERISA cases, including,  *In re Enron Corp. ERISA Litigation*, No. 01-3913 (S.D. Tex.), *In re HealthSouth Corp. ERISA Litigation*, No. 03-784 (N.D. Ala.) and *In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D. Mich.).  Mr. Loeser has extensively researched, briefed and argued the multitude of legal issues arising in ERISA class action cases, including on motions to dismiss, class certification, and summary judgment, and has conducted extensive document, deposition, and expert discovery in these cases.  He has played a lead role in successful settlement negotiations in several of the firm's ERISA cases. Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff attorney, and is a frequent speaker at national ERISA conferences.  Before joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department

of Justice in Washington, D.C.  Mr. Loeser obtained his B.A. from Middlebury College, where

he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta

Kappa.  He graduated with honors from the University of Washington School of Law.  Mr.

Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005

and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of

the State's legal profession.

### (2) Cohen, Milstein, Hausfeld and Toll [7]

The lawyers in Cohen Milstein's Employee Benefits Group, headed by Marc I. Machiz,

have played a significant role in the development of the law in this area, and Cohen Milstein has

an active ERISA practice in this district and throughout the country.  For twelve years prior to

joining Cohen Milstein, Mr. Machiz was the Associate Solicitor of Labor for the Plan Benefits

Security Division at the United States Department of Labor.  In that position, he served as the

Government's chief lawyer for the enforcement of Title I of ERISA, including ERISA's

fiduciary responsibility provisions which are at issue in this litigation, and chief legal advisor to

the agency within the Department of Labor, now known as the Employee Benefits Security

Administration, which enforces and interprets Title I of ERISA.  Since 1978, his practice has

focused almost exclusively on Title I of ERISA, and more than half of that time he has been an

attorney or supervising attorney at the Department of Labor.  He is a charter fellow of the

American College of Employee Benefits Counsel.  (http://www.acebc.com/index.asp), an

organization dedicated to elevating the standards and the advancing the public's understanding of

the practice of employee benefits law.  Mr. Machiz is a member of the BNA Pension and

Benefits Reporter Advisory Board, and is the plaintiff's co-chair of the subcommittee on

---

[7] To assist the Court with its evaluation of Cohen Milstein's qualifications, attached as Exhibit G to the Loeser Decl. is the firm resume for Cohen, Milstein, Hausfeld and Toll.

Preemption of the Employee Benefits Committee of the Labor Section of the ABA.  He has been a frequent speaker on ERISA issues for almost two decades, appearing on panels for the ABA, ALI-ABA, PLI, the New York Bar, the District of Columbia Bar and others.  He has been a guest lecturer on ERISA topics at the Georgetown School of Law and the George Washington University School of Public Health.

Mr. Machiz, together with Karen Handorf, a recent addition to the Cohen Milstein ERISA Practice Group who served as the Department of Labor's most senior ERISA appellate lawyer, have extensive experience briefing complex and novel legal issues that often arise in cases involving the investment of 401(k) plan assets in employer stock.  They have briefed, both in district and appellate courts, issues involving former participant standing, remedies available to participants, the standard of review applicable to employer stock purchases, fiduciary status of corporate officers and board members, the duty to monitor, and the duty to disclose.  Because of their extensive and broad knowledge of ERISA, they were chosen by the Pension Rights Center to write an amicus brief in *LaRue v. DeWolff*, currently pending in the Supreme Court, which involves an issue central to 401(k) plan litigation, whether a participant may sue for relief under ERISA § 502(a)(2) if the relief goes to fewer than all of the plan participants.

Bruce Rinaldi, the other member of the ERISA Practice Group who will be principally responsible for the instant litigation, boasts over seventeen years of ERISA litigation experience at the United States Department of Labor and in private practice.  As detailed below, however, he also contributes an extensive knowledge of financial litigation involving faulty lending practices that will be invaluable to this case which centers on Merrill Lynch's exposure to subprime loans.

Mr. Rinaldi's distinguished ERISA litigation career began in 1979 as a Supervisory Trial Attorney for the United States Department of Labor's Special Litigation Division[8] where he was in charge of the Department's milestone litigation resulting in the independent management of the assets of the then notorious Teamsters Central State Pension Fund whose reputed mob connections had been one of the reasons for the passage of ERISA.  Thereafter Mr. Rinaldi conducted a four month trial of the allegations of ERISA fiduciary breaches in the management of the Teamsters Central States Health and Welfare Fund in *Brock v. Robbins*, 830 F2d 640 (7th Cir. 1987) (D.C.N.D.Ill).  From 1985 to 1989, Mr. Rinaldi served as a Senior Trial Attorney in the Plan Benefits Division where he was responsible for the seminal case involving investments in employer stock by an ESOP, *Reich v. Valley National Bank*, 837 F. Supp. 1259 (S.D.N.Y. 1993).  Though he left the Department of Labor and ERISA in 1989, he returned to benefits practice in 2000 where as a senior litigator for the McTigue Law Firm he served as co-lead counsel in several 401(k) cases including *In Re McKesson HBOC, Inc ERISA Litigation* (N.D. Cal.) and *In re CMS Energy ERISA Litigation* (E.D. Mich.).  In 2004 he joined Cohen Milstein's Employee Benefits Practice Group.

During his hiatus from ERISA which began in 1989, Mr Rinaldi served as the Associate Chief Counsel of the Office of Thrift Supervision ("OTS") where he directed investigations and enforcement actions under FIRREA for fiduciary breaches arising out of failures of the thrifts and savings and loans, a scandal that prefigured today's subprime meltdown that is at the heart of the allegations in the instant case.  Mr. Rinaldi directed all of the enforcement actions taken by OTS in connection with the failure of the Lincoln Savings and Loan Association, run by Charles

---

[8] With the conclusion of litigation involving the Teamsters Funds and the Hotel and Restaurant Workers Funds in the late 1980s, this division of the Solicitor's Office was folded back into the Plan Benefits Security Division headed by Mr. Machiz from 1988 until 2000.

Keating, the largest thrift failure in history.  Mr. Rinaldi's experience with complex financial

litigation centering on lending practices will greatly assist the litigation of the instant case.[9]

Cohen Milstein has been involved in a variety of ERISA class actions involving a wide

range of ERISA claims (*i.e.*, retiree healthcare cutbacks, ESOP purchase of stock, pension

benefit terminations and cutbacks).   These cases include:

- *Tharaldson et al.*, No. 3:05-CV-00115-RRE-KKK  (D.N.D.) (excessive payment for employer stock in closely held ESOP)
- *Wagener v. SBC Pension Benefit Plan-Non Bargained Program,* 407 F.3d 395 (D.C. Cir. 2005) (benefit dispute)
- *Zhu v. Fujitsu Group 401(K) Plan,* 2005 WL 735097, *1 (N.D. Cal. 2005) (vesting violation)
- *Stoffels v. SBC Communications, Inc.*, 238 F.R.D. 446 (W.D.Tex. 2006) (failure to treat employee benefit arrangement as an ERISA pension plan)
- *Simpson v. Firemen's Fund Insurance Co.* (N.D. Cal.) (ERISA 510 violation)
- *Beam v. HSBC Bank USA,* 2003 WL 22087589. *1 (W.D.N.Y. 2003) (excessive payment for employer stock in closely held ESOP)
- *Banyai v. Mazur*, 2007 WL 959066, *1 (S.D.N.Y. 2007) (misappropriation of ERISA plan assets)
- *Mehling v. New York Life Ins. Co. et al  No. 99-CV-5417* (E.D.Pa.) (excessive fees for management of pension plan assets)
- *Redington et al. v. The Goodyear Tire and Rubber Company,* 5:07-CV-1999 (N.D. Ohio) (termination of retiree healthcare benefits)

In addition, Cohen Milstein has served in a leadership capacity in several ERISA

company stock cases, and, as noted in the following list, has often done so with Keller Rohrback:

- *In re Williams Companies ERISA Litigation,* 231 F.R.D. 416 (N.D.Okla. 2005) (with KR)
- *In re Dynegy, Inc.ERISA Litigation*, 309 F.Supp.2d 861 (S.D.Tex. 2004) (with KR)
- *In Re Merck & Co., Inc. Securities, Derivative & "ERISA"* Litigation, Case No: 3:05-CV-01151-SRC-TJB (D.N.J.) (with KR)
- *Hargrave v. TXU, Corp.*, No. 02-2573 (N.D. Tex.)
- *Walsh v. Marsh & McLennan*, No. 01-CV-8157-SWK (S.D.N.Y) (with KR)

---

[9] Additionally, as noted above, Lynda J. Grant of Cohen Milstein's New York office, would serve as interim liaison counsel in the consolidated action, and would be charged with administrative matters, including:

> receiving and distributing pleadings, notices, orders, motions, and briefs . . . [and] advising parties of developments, and otherwise assisting in the coordination of activities and positions.

Manual § 10.221.

These cases demonstrate Cohen Milstein's broad expertise in ERISA law, as well as the proven ability of Cohen Milstein and Keller Rohrback to work together efficiently and effectively in large-scale ERISA class actions of this type.

### c) Counsel for Plaintiffs have the Resources Necessary to Represent the Class.

Keller Rohrback and Cohen Milstein are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude as each has demonstrated in numerous similar large-scale class actions.   Keller Rohrback includes 54 attorneys.  Cohen Milstein has 66 lawyers in the United States in five cities as well as a closely affiliated London office staffed by four solicitors.   The firms' resources are not merely financial, but also include substantial expertise and work-product, discussed above, that they have developed in other similar cases that will be an obvious benefit to the Plaintiffs in this action. Much of this material is unique to the issues and disputes that are present in ERISA company stock litigation.   Counsel's ability to draw from this well developed bank of information in directing this litigation will allow them to streamline the litigation and create efficiency unavailable to other firms.  Thus, the resource factor under Rule 23(g) also favors appointment of Plaintiffs' proposed Interim Co-Lead Counsel.

Counsel for Plaintiffs respectfully submit that based on the above four factors Keller Rohrback and Cohen Milstein are best able to represent the interests of the class because the firms possess unmatched experience and expertise leading the prosecution of this particular type of ERISA class action.   Accordingly, Keller Rohrback and Cohen Milstein request that Plaintiffs' motion for appointment of Keller Rohrback and Cohen Milstein as Interim Lead Co-Counsel should be granted.

## IV.  CONCLUSION

For the foregoing reasons, the *Esposito* Plaintiffs respectfully request that the Court: (a) appoint Plaintiffs Carl Esposito, Barbara Boland and Anna Molin as Interim Lead Plaintiffs; (b) appoint Keller Rohrback L.L.P. and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Interim Co-Lead Counsel, with Cohen Milstein's New York officer serving as liaison counsel; (c) consolidate the above-captioned actions; and (d) enter the *Esposito* Plaintiffs' proposed Order.

DATED:         December 14, 2007.

Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.**

By:_____/s/_____
    Lynda G. Grant  (LG-4784)
    Catherine A. Torell (CT-0905)
150 East 52nd Street
Thirtieth Floor
New York, NY 10022
Telephone:  (212 838-7797
Facsimile:  (212) 838-7745

Steven J. Toll
Bruce F. Rinaldi
1100 New York Avenue, NW
Suite 500 West
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Marc I. Machiz
1 South Broad Street
Suite 1850
Philadelphia, PA 19107
Telephone:  (215) 825-4016
Facsimile:  (215) 825-4001

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for the Esposito Plaintiffs and
Proposed Interim Co-Lead Counsel for the
Class*